

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States Of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05 cr 1025 |
| | ) | |
| Walter Sloan, | ) | Judge Ronald A. Guzmán |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant seeks discovery of the FBI investigation files concerning three armed robberies of banks that occurred after his apprehension and incarceration. He argues that such information is material, favorable evidence because it establishes the existence of another possible perpetrator of the bank robbery with which he is charged. Material, favorable evidence in the control of the government must, of course, be disclosed under the holding in *Brady v. Maryland*, 373 U.S. 83, 87 (1963). But evidence is material for *Brady* purposes only "'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Todd* 424 F.3d 525, 534 (7th Cir. 2005) (quoting *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995)). The government, not surprisingly, argues that the evidence is not material and is, in fact, irrelevant, because it bears upon crimes that have nothing to do with the offense with which the defendant is charged. If, however, these later bank robberies have enough in common with the offense with which defendant is charged, then evidence of these other robberies is arguably exculpatory as it would tend to show that someone else committed the offense of which the defendant is accused. On the other hand, if the subsequent robberies are

completely different in all material respects, then there is no probative value and introduction of evidence about those offenses would merely lead to jury confusion and unnecessary delay.

The parties have agreed that the proper procedure is to allow the Court to review the FBI investigation files of the subsequent robberies and make a determination as to whether these other offenses are sufficiently similar to the case at bar to warrant disclosure as material, favorable evidence. After reviewing the investigatory files submitted by the government, the Court finds as follows.

The three subsequent offenses are sufficiently similar to warrant the conclusion that they were all perpetrated by one individual. The descriptions of the offender, his clothing, the manner by which he announces a robbery and makes his demand, the manner by which he secures the money, the existence of a weapon, and the words he speaks are all similar in these three robberies.

There are some similarities between those robberies and the offense at bar as well. The descriptions of the height, weight and age of the perpetrator in those later robberies, although not exactly the same, are similar to the defendant's physical characteristics and to the descriptions of the perpetrator given by the witnesses to the crime with which defendant is charged. In addition, both perpetrators are described as having facial hair, although the type of facial hair described on each is different. Further, a handgun was used in all four robberies, and the manner in which the gun was displayed to the bank teller was the same in this case and in one of the later robberies. There are also some similarities in the clothing worn by the perpetrators as both were said to have worn a black-and-red jacket, though the type of jacket appears to be different. Finally, all of the robberies targeted TCF Banks in Jewel Food Stores, and one of the subsequent robberies as well as the offense with which defendant is charged occurred in Hickory Hills.

There are differences, however, the biggest of which is timing. Fourteen months elapsed between the robbery Sloan is accused of perpetrating and the first of the three subsequent robberies. Furthermore, the three subsequent robberies were done in fairly quick succession. If the same person had committed all four robberies, then the pattern would suggest that there would not have been a fourteen-month lag between the first robbery and the next three.

Notwithstanding the time lag, after reviewing the materials *in camera*, the Court concludes that there are sufficient similarities in the general physical description of the perpetrator of all four robberies, the locations, the institutions targeted, and the use of a weapon to warrant disclosure of the information contained in the investigation files in the possession of the government as potentially favorable evidence.

Dated: May 14, 2007

**SO ORDERED**             **ENTER:**

RONALD A. GUZMÁN
**District Judge**

G:\Masterlist Folders\USA v. Sloan 05-1025\Other robberies2.doc